QUESTIONS: 1. Are the provisions of Ch. 687, F. S. (interest and usury), preempted by the provisions of Pub.L. 93-501 (12 U.S.C. ss. 85 and 1831A) which pertain to interest rates that may be charged by state or national banks on certain types of loans in the amount of $25,000 or more? 2. What is the effect, if any, of Pub.L. 93-501 (12 U.S.C. § 1730E) on the interest rates that may be charged by state or federal savings and loan associations on business or agricultural loans of $25,000 or more?
SUMMARY: Public Law 93-501 (12 U.S.C. ss. 85 and 1831A) authorizes federally insured state banks and insured institutions to charge on agricultural and business loans of more than $25,000 an interest rate in excess of that prescribed by Ch. 687, F. S., in the absence of state legislative action prohibiting the increased interest rate. Public Law 93-501 does not operate to reduce a state's lawful interest rates that are higher than those authorized by such law. Question 1 is answered in the affirmative and question 2 is answered by the following discussion. Public Law93-501 amended various provisions of federal law, and your inquiry relates thereto. Section 202 of Pub.L. 93-501 provides in part: The Federal Deposit Insurance Act (12 U.S.C. § 1811-31) is amended by adding at the end thereof the following: "Sec. 24. (a) In order to prevent discrimination against State-chartered insured banks with respect to interest rates, if the applicable rate prescribed in this subsection exceeds the rate such State bank would be permitted to charge in the absence of this subsection, a State bank may in the case of business or agricultural loans in the amount of $25,000 or more, notwithstanding any State constitution or statute, which is hereby preempted for the purposes of this section, take, receive, reserve, and charge on any loan or discount made, or upon any note, bill or exchange, or other evidence of debt, interest at a rate of not more than 5 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where the bank is located, and such interest may be taken in advance, reckoning the days for which the note, bill, or other evidence of debt has to run." (Emphasis supplied.) Section 203 of said law provides in part: Title IV of the National Housing Act (12 U.S.C. § 1724- 1730(d)) is amended by adding at the end thereof the following:
"Sec. 412. (a) If the applicable rate prescribed in this section exceeds the rate an insured institution would be permitted to charge in the absence of this section, such institution may in the case of business or agricultural loans in the amount of $25,000 or more, notwithstanding any State constitution or statute, which is hereby preempted for the purposes of this section, take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, interest at a rate of not more than 5 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district where the institution is located, and such interest may be taken in advance, reckoning the days for which the note, bill, or other evidence of debt has to run. (b) If the rate prescribed in subsection (a) exceeds the rate such institution would be permitted to charge in the absence of this section, and such State fixed rate is thereby preempted by the rate described in subsection (a). . . ." (Emphasis supplied.) Both sections contain forfeiture provisions applying to charges in excess of those permitted therein if the rate allowed therein exceeds the allowable state rate. Both sections apply only to business or agricultural loans. The first section applies to state-chartered insured banks and the latter section applies to insured institutions. Title 12 U.S.C.A. s. 1811-31 relates to Federal Deposit Insurance and Title 12 U.S.C.A. s. 1724-1730(d) relates to insurance of savings and loan accounts. More specifically, the former creates the Federal Deposit Insurance Corporation (FDIC) and the latter creates the Federal Savings and Loan Insurance Corporation (FSLIC). The former provides insurance for member banks and the latter provides insurance for savings and loan institutions, building and loan institutions, homestead associations, and cooperative banks. (See ss. 1811 and 1726.) Section 1814 mandates that certain banks, state and national, which are, or which become members of the Federal Reserve System, be insured banks. Section 1815 provides for application of nonmember banks, both state and national, so that upon approval of the application, such nonmember banks may become insured banks. Under s. 1726 it is the duty of FSLIC to insure the accounts of all federal savings and loan associations, and it is permitted to insure the accounts "of building and loan, savings, and homestead associations and cooperative banks organized and operated according to the laws of the state, district, territory, or possession in which they are chartered or organized." Application is required to be made and upon approval the applicant institution becomes an "insured institution" as defined in s. 1724(a). The amendment to 12 U.S.C.A. 1811-31 relates only to statechartered insured banks and the amendment to 12 U.S.C.A. 1724-1730(d) relates only to insured institutions. Thus, it is only those particular banks and institutions whose accounts are insured by FDIC and FSLIC which are affected by the amendments and these banks and institutions are regulated in part by the respective federal agencies. Under the "supremacy" clause, Art. VI, Clause 2, U.S. Const., in those areas where the federal Constitution has specifically or by essential implication deposited the power to act in the federal government, the assertion of such power by the federal government is the supreme law of the land; and in those areas "the authority of the state is necessarily subordinate." U.S. v. Carter, 121 So.2d 433 (Fla. 1960). Accord: Sperry v. State of Fla. ex rel. Florida Bar, 373 U.S. 379 (1963). The intent to preempt in the area of interest rates chargeable by the designated state and federal banks on business and agricultural loans of $25,000 or more is stated in the federal act in plain and unambiguous terms. Cf. Washington Fed. S. L. Ass'n v. Balaban,281 So.2d 15 (Fla. 1973), noting that, by virtue of Title 12, ss. 1464 et seq., U.S.C. the federal government has preempted the regulation and supervision as well as the organization of federal savings and loan associations. Your first question must, therefore, be answered in the affirmative. The purpose of the previously quoted amendments was to increase for a limited period the interest rate that may be charged on business and agricultural loans of an amount of $25,000 or more made by state-chartered insured banks and insured institutions as defined elsewhere. There was no intention under the federal law, to reduce the interest rates chargeable under the laws of any state. This purpose is clearly apparent from the language of the amendments, wherein it is pointed out that the provisions therein are operative only if the applicable rate prescribed in the subsection exceeds the rate permitted to be charged in the absence of this subsection. Thus, in answer to your second question, savings and loan institutions exempted from the provisions of Ch. 687, F. S., would not be affected by the amendments. Any building and loan or savings and loan associations which were within the purview of the restrictions in Ch. 687 on any transactions would be affected by the amendments and would be allowed to charge the higher interest rate on such transactions. Accordingly, AGO 074-278, which you mentioned in your letter, is not affected by the amendments.